UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE FRIEDENSTAB,

    Plaintiff,                        CIVIL ACTION NO. 05-CV-74237-DT

  v.                               DISTRICT JUDGE PAUL D. BORMAN
                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, and the instant Complaint DISMISSED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on June 26, 2003, alleging that he had become disabled and unable to work on October 8, 2002, at age 43, due to heart disease, left knee pain and difficulties concentrating. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on May 12, 2005, before Administrative Law Judge (ALJ) Karen Goheen. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work. The ALJ restricted claimant from repetitive pushing, pulling and stair climbing. The Law Judge also found that Plaintiff was limited to simple, repetitive job duties in a clean air environment. The Appeals Council declined to review that decision and

Plaintiff commenced the instant action for judicial review of the denial of benefits. Defendant (only) has filed a Motion for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time of the administrative hearing (TR 376). He had been graduated from high school, and had been employed during the relevant past as a mechanic at a bowling alley and as a grounds crew member at a golf course (TR 64, 76, 377). As a bowling alley mechanic, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 77). Claimant stopped working in October 2002, after undergoing coronary artery bypass surgery (TR 380). He was able to return to full time work following the surgery, but had to quit in the spring of 2003, due to allergies (TR 383-384). Plaintiff attempted to return to work as a bowling alley mechanic in 2005, but had to quit when he was unable to perform heavy duty maintenance duties (TR 384).

Plaintiff testified that he was disabled and unable to work due to severe joint pain (TR 385). Acknowledging that there were days when he felt good enough to run a marathon, the claimant explained that he often had such low energy levels that he had to lie down for several hours (TR 388-389). Exertional activities caused him to suffer from chest pain and shortness of breath, and chronic left knee pain prevented him from climbing stairs (TR 390-391). Plaintiff added that he had problems with concentration. He allegedly became easily "confused at the simplest little thing" (TR 393-394). The claimant estimated that he could walk about three blocks and lift up to 25 pounds, but doubted that he could do either activity on a regular basis (TR 390, 407).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as medium to heavy, semi-skilled activity, which did not impart any transferable skills (TR 411). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 413). If he were capable of sedentary work, however, there were numerous unskilled cashier, information clerk, telemarketing and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 412). These jobs did not involve any repetitive bending, twisting, turning, squatting, crawling, kneeling or climbing. The jobs did not require performing complex tasks, and would not expose a worker to dust, fumes or chemical odors (TR 412).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of ischemic heart disease, left knee ligament damage and an affective disorder, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's affective disorder limited him to simple, repetitive tasks in a routine work environment. The Law Judge found that Plaintiff could not repetitively perform any pushing, pulling or stair climbing. Plaintiff also needed to avoid exposure to chemical odors, dust and fumes. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

---

[1]The witness opined that claimant's alleged need to lie down would preclude all work activity (TR 413).

**3**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff contended before the Law Judge that substantial evidence did not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argued before the Appeals Council that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work

because the objective clinical evidence of record did not confirm the disabling nature of his joint pain and chronic fatigue.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain and chronic fatigue.

Dr. Stephen Swetech, claimant's primary care physician, reported in March 2003, that Plaintiff could return to work as long as he did not lift more than 25 pounds on a regular basis (TR 231). The authorization to return to work was based, in part, on multiple physical examinations performed by claimant's cardiologist. Dr. Larry Rothstein evaluated Plaintiff on a bi-monthly basis beginning in October 2002. The doctor noted that Plaintiff had normal blood pressure and respiration. Claimant's heart rate and rhythm were normal, and his lungs were clear to auscultation. There were no signs of edema in any extremity (TR 274-286). A cardiac stress test in September 2003, revealed normal left ventricular wall motion and ejection fraction. During the ten minutes exercise period, Plaintiff did not experience any chest pains or significant arrhythmia (TR 274). Dr. Rothstein allowed the claimant to return to work in January 2003, beginning with part-time work, as long as he refrained from lifting more than 25 pounds (TR 281).

In a residual functional capacity evaluation completed in October 2004, Dr. Swetech again indicated that Plaintiff could return to work with certain lifting, carrying and walking restrictions (TR 287-289). The ALJ's decision was consistent with the specific limitations imposed by the treating physicians. In light of that evidence, the Commissioner could

reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his joint pain and chronic fatigue were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions[2]. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled cashier, information clerk, telemarketing and surveillance monitoring jobs that he

---

[2]The Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his moderate limitations caused by his joint pain and chronic fatigue. The VE testified that the the majority of the jobs identified allowed workers to sit or stand periodically throughout the day, did not expose workers to dust and fumes, and were limited to simple job duties (TR 412). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

could perform with minimal vocational adjustment (TR 412). These jobs did not involve any repetitive bending, twisting, turning, squatting, crawling, kneeling or stair climbing. The jobs did not require performing complex tasks, and would not expose workers to dust, fumes or chemical odors (TR 412).  Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: March 29, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 29, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 29, 2006. **Dale Friedenstab.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217